Christopher E. Roberts (SBN 363586)
BUTSCH ROBERTS & ASSOCIATES LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700
Email: CRoberts@butschroberts.com

Attorney for Plaintiff Kelly Bland

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| KELLY BLAND, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>WESTERN DENTAL SERVICES, INC.,<br>Defendant. | Case No. 8:26-cv-3473<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

# CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kelly Bland, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant Western Dental Services, Inc., states:

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kelly Bland ("Ms. Bland" or "Plaintiff") brings this case to protect the privacy rights of herself and a class of similarly situated people to whom Defendant Western Dental Services, Inc. ("Western Dental" or "Defendant") placed, or directed or caused others to place on its behalf, telemarketing communications to their phones despite their phone numbers being registered on the National Do-Not-Call Registry ("DNC List"), and despite their requests that the communications stop. Plaintiff brings claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulations, and under Texas Business and Commerce Code §§ 302.101 and 305.053.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. As part of the TCPA, Congress directed the Federal Communications Commission ("FCC") to establish a national database of telephone subscribers who object to receiving telephone solicitations. *See* 47 U.S.C. § 227(c)(3). The National Do-Not-Call Registry has been in operation since 2003, and the TCPA's implementing regulations prohibit the initiation of more than one telephone solicitation within a 12-month period to a residential telephone subscriber whose number has been registered on the DNC List. *See* 47 C.F.R. § 64.1200(c)(2).

4. The TCPA's implementing regulations also require every company that telemarkets to maintain its own internal do-not-call list. A company may not place telemarketing calls unless it has instituted procedures for maintaining a list of persons who ask not to be called, and it must record and honor each such request. *See* 47 C.F.R. § 64.1200(d). These rules apply to calls and text messages to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e).

5. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Ms. Bland, frequently face. For example, in 2026 alone, approximately 40.6 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited Nov. 11, 2026).

6. Ms. Bland resides in and is a citizen of the State of Texas.

7. Ms. Bland brings this action on behalf of herself, and all others similarly situated.

8. Ms. Bland is the owner of a cellular phone. The phone number associated with her phone is 817-XXX-2161.

9. Ms. Bland uses her phone for residential purposes, namely, to communicate with family members and friends. Ms. Bland's phone is not associated with a business.

10. Ms. Bland's phone account is not held in the name of a business.

11. Ms. Bland is a person within the meaning of the TCPA and a residential telephone subscriber within the meaning of the TCPA's implementing regulations. *See* 47 U.S.C. § 153(39); 47 C.F.R. § 64.1200(c)(2), (e).

12. To obtain solitude from unwanted telemarketing calls, Ms. Bland registered her phone number, 817-XXX-2161, on the DNC List on February 9, 2009, which was more than thirty days before each of the communications at issue in this Complaint.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

13. Defendant Western Dental Services, Inc. is a California corporation with its principal place of business at 530 South Main Street, Suite 600, Orange, California.

14. Defendant is a dental support organization. Defendant and its affiliates, support hundreds of dental offices in approximately twenty states, including Texas, under brands that include Western Dental & Orthodontics, Brident Dental & Orthodontics, and DentalWorks. Defendant markets dental services to consumers in California and throughout the United States and transacts business in California and throughout the United States.

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

16. This Court also has subject matter jurisdiction over this dispute under the Class Action Fairness Act, as the parties are minimally diverse, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

17. This Court has supplemental jurisdiction over Plaintiff's Texas state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same communications as Plaintiff's TCPA claims.

18. This Court has personal jurisdiction over Defendant because Defendant is incorporated in California and has its principal place of business in California, and because Defendant transacts business in the State of California.

19. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District. Defendant's headquarters are in Orange County, within the Southern Division of this Court. On information and belief, Defendant's marketing, compliance, and privacy functions, including the functions that control the communications at issue, are directed from those headquarters.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

**Defendant's Telemarketing to Former Patients**

20. Defendant does not itself practice dentistry. Defendant supplies the business side of the dental offices it supports. On information and belief, that includes marketing, appointment scheduling, call-center operations, and patient communications such as text messaging.

21. Defendant's website, westerndental.com, states that its "[a]ffiliated brands include" Brident Dental & Orthodontics and DentalWorks.

22. On information and belief, Defendant acquired the DentalWorks brand and its offices in 2022, when it acquired the dental support organization Mid-Atlantic Dental Partners.

23. The DentalWorks offices included Saddle Brook Dental Care in White Settlement (Fort Worth), Texas, and Fossil Ranch Dental Care in Saginaw, Texas. The DentalWorks website, dentalworks.com, described each office as "now part of the Brident Dental & Orthodontics family." Both offices operated through a Texas professional entity named Network Provider Associates, P.C.

24. Defendant, or those acting on its behalf, uses telephone calls and text messages to solicit former patients of these offices to come back and buy more dental services.

25. The text messages follow a template. Each one addresses the recipient by first name, urges the recipient to use dental "benefits" before year-end, and directs the recipient to call a toll-free number to book an appointment. Each one also recites the date of the recipient's last visit.

26. Defendant therefore knows, from the face of its own messages, how long it has been since each recipient last did business with one of its offices.

27. On information and belief, Defendant sends these solicitations without first checking whether the recipient's number is on the DNC List, and without honoring recipients' prior requests to stop.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

28. Other consumers have complained about the same solicitation practices. The Better Business Bureau reports more than 600 complaints against Defendant in the last three years.

29. One consumer complained of a "harassing text from Brident Dental. I tried to 'STOP' them, but they kept sending them to me."

30. In 2023, Ms. Bland was a patient at Saddle Brook Dental Care. Her last visit was on August 7, 2023.

31. Ms. Bland was not satisfied with the office and decided not to return. On March 7, 2024, she canceled the only appointment she had pending. She has not purchased any goods or services from Saddle Brook Dental Care, from Defendant, or from any office Defendant supports since August 7, 2023.

32. In early 2024, Ms. Bland received calls seeking to schedule an appointment at Saddle Brook Dental Care and asked that the calls stop.

33. On December 9, 2024, at approximately 3:48 p.m., Defendant, or someone acting on its behalf, called Ms. Bland's phone from phone number 817-886-8060. Ms. Bland did not answer. The caller left a voicemail that stated: "This is Julie from Dental Care. I'm just calling to schedule an appointment for you. If you can please call back."

34. On December 9, 2024, at approximately 3:53 p.m., Defendant, or someone acting on its behalf, called Ms. Bland's phone again from phone number 817-886-8060. Ms. Bland answered. The caller stated that she was calling from Saddle Brook Dental Care "to schedule an appointment."

35. Ms. Bland told the caller: "I am no longer interested in your services. So can you please remove my number from your list?" She added, "I will not be coming back."

36. The caller responded: "Yes, ma'am. I will take it off."

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

37. Ms. Bland's request was a do-not-call request. It ended any established business relationship between Ms. Bland and Defendant for telemarketing purposes. *See* 47 C.F.R. § 64.1200(f)(5)(i).

38. The request was not honored. The very next day, December 10, 2024, at approximately 4:09 p.m., Defendant, or someone acting on its behalf, sent a text message to Ms. Bland's phone from short code 81452. The message stated: "Hi Kelly. Don't let your 2024 Dental Works benefits go unused! Your last visit was 8/7/2023. Call 888-642-7208. STOP to opt out."

39. On December 11, 2024, Ms. Bland called 888-642-7208 to learn who had sent the message. The person who answered identified the business as "Dental Works."

40. Apart from Ms. Bland's do-not-call request, any established business relationship arising from her August 7, 2023 visit expired no later than eighteen months after that visit, in February 2025. *See* 47 C.F.R. § 64.1200(f)(5).

41. On November 6, 2025, at approximately 12:58 p.m., Defendant, or someone acting on its behalf, sent a text message to Ms. Bland's phone from phone number 833-340-0398. The message stated: "Hi Kelly! Book your next Dental Works visit before year-end to use 2025 benefits. Your last visit was 8/7/23. Call 888-642-7208. Stop to end".

42. On November 12, 2025, at approximately 2:32 p.m., Defendant, or someone acting on its behalf, sent another text message to Ms. Bland's phone from phone number 833-340-0398. The message stated: "Hi Kelly--you're due for your Dental Works cleaning! Use your 2025 benefits before year's end. Call 888-642-7208 to book. Stop to end".

43. The November 2025 text messages were sent eleven months after Ms. Bland asked to be removed from the list and more than two years after her last visit. The messages themselves recite that her last visit was on "8/7/23."

44. The November 2025 text messages promoted the same DentalWorks brand, used the same template, and directed Ms. Bland to the same toll-free number, 888-642-7208, as the December 10, 2024 text message.

45. After receiving the November 2025 text messages, Ms. Bland called 888-642-7208 again. The representative told her that Saddle Brook Dental Care had closed and that its patients' records had been transferred to Fossil Ranch Dental Care. The representative ended the call by saying, "Thank you for calling Dental Works Saddle Brook."

46. On information and belief, when Saddle Brook Dental Care closed, Defendant, or those acting on its behalf, kept the phone numbers of the office's former patients and continued to send them solicitations, without regard to the do-not-call requests those patients had made.

47. On December 4, 2025 and December 10, 2025, Ms. Bland sent written notice of the unlawful calls and text messages. The December 10, 2025 notice went to Defendant's Privacy Officer at PrivacyOfficer@westerndental.com, among others.

48. On December 23, 2025, Defendant's Privacy Officer responded from the PrivacyOfficer@westerndental.com address: "You have been added to our Do Not Call list. Please reach back out if you received any more communications from our company and we will address immediately."

49. The response was signed "The Privacy Office, Network Provider Associates, P.C. dba Fossil Ranch Dental Care & Ortho, 530 S Main St, Orange, CA 92868." That address is Defendant's headquarters. The email's confidentiality notice referred to "Western Dental Services, Inc."

50. On January 7, 2026, Defendant's Associate General Counsel and Director of Compliance wrote to Ms. Bland about the text messages and stated: "Our systems are set up such that no text or call is initiated without consent."

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

51. Defendant thus treated the text messages as communications from "our company," controlled the do-not-call list on which Ms. Bland's number was finally placed, and described the systems that initiate such text messages as "[o]ur systems."

52. By Defendant's own account, Ms. Bland's number was not added to its do-not-call list until December 2025. That was a year after she asked to be removed.

53. Ms. Bland did not give Defendant prior express invitation or permission, in a signed written agreement or otherwise, to send telemarketing text messages to her phone.

54. In total, Defendant, or someone acting on its behalf, sent at least three telemarketing text messages to Ms. Bland after her December 9, 2024 do-not-call request, between December 10, 2024 and November 12, 2025.

55. Ms. Bland accordingly received more than one telephone solicitation made by or on behalf of the same entity within a 12-month period.

56. On information and belief, each of the calls and text messages placed to Ms. Bland and the putative class members was placed for the purpose of encouraging the purchase of dental goods and services from the offices Defendant supports.

57. Defendant, or those acting on its behalf, may have placed additional calls or text messages to Ms. Bland not identified in this Complaint.

58. Defendant's conduct violated the privacy rights of Plaintiff and the putative class members, as they were subjected to annoying and harassing calls and text messages. The calls and text messages intruded upon the rights of Plaintiff and the putative class members to be free from invasion of their interest in seclusion.

59. Defendant's conduct caused Plaintiff and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls and text messages.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

60. On information and belief, Defendant placed, or directed others to place on its behalf, calls and text messages to Plaintiff and the putative class members for the purpose of selling its products and services.

61. Ms. Bland was located in Texas when she received each of the calls and text messages at issue. Her phone number has a Texas area code.

62. On information and belief, Defendant did not hold a registration certificate from the Texas Secretary of State under Tex. Bus. & Com. Code § 302.101 for the business location from which the calls and text messages at issue were made.

63. On information and belief, Defendant, or someone acting on its behalf, placed telemarketing calls and sent telemarketing text messages to hundreds if not thousands of persons located in Texas, or with Texas telephone numbers, without holding a registration certificate.

**Direct and Vicarious Liability**

64. Without the benefit of discovery, and because the text messages promoted a brand Defendant supports, directed Ms. Bland to a call center that schedules patients for Defendant's supported offices, and were answered for by Defendant's own Privacy Office and compliance counsel, Ms. Bland assumes Defendant directly placed the telemarketing communications at issue.

65. However, if some or all of the telemarketing communications were made by a third party or third parties on behalf of Defendant, in the alternative, Defendant is vicariously liable for those communications.

66. On May 9, 2013, the FCC determined that telemarketers like Defendant could not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

> to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re: Dish Network, LLC,* 28 F.C.C. Rcd. 6574 at 6588 (May 9, 2013) (internal citations omitted).

67. Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id.* at 6587 n. 107.

68. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593.

69. If Defendant directly placed the telemarketing communications at issue to Ms. Bland and the putative class members, Defendant is directly liable for those communications.

70. However, Defendant may have hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by others, including the professional entities that operate its supported offices, its affiliates that operate the DentalWorks and Brident brands, and third-party call-center and text-messaging vendors.

71. To the extent another entity is deemed the seller of the dental services, Defendant initiated the calls and text messages on that entity's behalf and is directly liable for initiating them.

72. If Defendant did not directly place the telemarketing communications to Ms. Bland and the putative class members, those who did had actual and/or apparent authority to act on behalf of Defendant.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

73. Likewise, Defendant also ratified its agents' violations of the TCPA by accepting the benefits of unlawful telemarketing communications, including receiving revenue appointments generate.

74. Defendant controlled or had the right to control the marketing activities of those acting on its behalf.

75. Defendant acted as principal to telemarketing agent(s) who were acting on its behalf.

76. Defendant is not permitted under the law to outsource and contract its way out of liability by directing and benefitting from agents' TCPA violations.

77. For the counts identified below, if Defendant directly placed the violative communications at issue to Ms. Bland and the putative class members, it is directly liable. Alternatively, to the extent any such communications were placed by a third-party agent(s) acting on Defendant's behalf, Defendant is vicariously liable for those unlawful communications.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

**Class Allegations**

78. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of herself, and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

79. Plaintiff seeks to represent the following classes:

> **National DNC Class**: All persons in the United States: (1) to whom, from four years prior to the filing of this lawsuit through the date of class certification, two or more telemarketing calls or text messages were placed by or on behalf of Defendant in a twelve-month period; (2) whose phone numbers had been registered on the DNC List for more than thirty days; and, (3) who had not obtained dental services from an office supported by Defendant in the eighteen months before those calls or text messages.

> **Internal DNC Class**: All persons in the United States to whom, from four years prior to the filing of this lawsuit through the date of class certification, two or more telemarketing calls or text

messages were placed by or on behalf of Defendant in a twelve-month period after the person asked Defendant, or an office supported by Defendant, to stop contacting them.

**Texas Subclass**: All members of the National DNC Class and the Internal DNC Class who resided in Texas when they received the calls or text messages.

**Texas Solicitation Class**: All persons who from two years prior to the filing of this lawsuit through the date of class certification: (1) were located in Texas or had a phone number with a Texas area code; (2) to whom Defendant (or someone acting on its behalf) placed a call or sent a text message marketing dental goods or services; and, (3) after said person advised they no longer wished to be contacted.

80. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed classes, during the lawsuit proceedings.

81. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by Defendant's actions. The phone numbers of the members of the proposed classes are readily identifiable through records available to Defendant or those acting on its behalf.

82. Most members of the proposed classes have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

83. On information and belief, Defendant has placed, and continues to place, telemarketing calls and text messages to people whose phone numbers are on the National Do-Not-Call Registry and to people who have asked not to be contacted. It is reasonable to expect that Defendant will continue to place such calls absent this lawsuit.

84. Common questions of law and fact exist as to all members of the proposed classes and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed classes include, but are not limited to:

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

a. Whether Defendant, or those acting on its behalf, placed phone calls and text messages to persons whose phone numbers were listed on the National Do-Not-Call Registry;

b. Whether Defendant, or those acting on its behalf, placed calls and text messages to persons who had asked not to be contacted;

c. Whether Defendant instituted the internal do-not-call procedures the TCPA's regulations require;

d. Whether Defendant's conduct violates 47 U.S.C. § 227(c);

e. Whether Defendant's conduct violates the rules and regulations implementing the TCPA;

f. Whether Defendant's calls and text messages were "telephone solicitations" under Texas law;

g. Whether Defendant held a registration certificate as required by Texas law; and,

h. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

85. Plaintiff's claims are typical of the claims of the members of the proposed classes because her claims arise from the same practice that gives rise to the claims of the members of the proposed classes and are based on the same legal theories.

86. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed classes. Plaintiff's interests do not conflict with the interests of the proposed classes she seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action litigation, TCPA litigation, and consumer law.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

87. Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and her counsel are aware of their responsibilities to the putative members of the classes and will discharge those duties.

88. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed classes in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed classes, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed classes had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

89. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

90. Questions of law and fact, particularly the propriety of placing telemarketing calls and text messages to persons whose phone numbers are on the National Do-Not-Call Registry and to persons who have asked not to be contacted, predominate over questions affecting only individual members.

91. Questions of law and fact, particularly whether Defendant made telephone solicitations to persons in Texas without holding a registration certificate, also predominate over questions affecting only individual members.

92. Defendant has acted or refused to act on grounds that apply generally to the classes, making final injunctive relief or corresponding declaratory relief appropriate with respect to the classes as a whole.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) – Do-Not-Call Registry Violations (On Behalf of Plaintiff and the National DNC Class)**

93. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

94. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

95. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(2).

96. A seller of goods or services may not avoid liability under the TCPA by outsourcing its telemarketing to third parties. Calls placed by a third-party telemarketer to promote a seller's goods or services are made "on behalf of" the seller, and the seller may be held liable for such calls, including under federal common law principles of agency, apparent authority, and ratification.

97. To the extent any of the calls and text messages at issue were placed by a third party, they were placed on Defendant's behalf, and Defendant directed, authorized, and/or ratified that conduct. Defendant accepted, and retains, the benefits of the telemarketing campaign.

98. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA and the TCPA's regulations prohibiting calls to phone numbers that are registered on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

99. By placing calls and text messages, and by directing, authorizing, and/or ratifying calls and text messages placed on its behalf, to the phones of Plaintiff

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

and the putative class members after their numbers were registered on the National Do-Not-Call Registry for more than thirty days, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

100. Defendant knew or should have known that Plaintiff and the putative class members did not wish to receive phone calls or text messages as such persons' phone numbers were registered on the National Do-Not-Call Registry.

101. Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each call and text message placed to them in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

**Count II - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) – Internal Do-Not-Call Violations (On Behalf of Plaintiff and the Internal DNC Class)**

102. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

103. The TCPA's implementing regulations prohibit a person or entity from initiating any call for telemarketing purposes to a residential telephone subscriber unless that person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls. *See* 47 C.F.R. § 64.1200(d).

104. Those procedures must include, at a minimum, a written policy for maintaining a do-not-call list, training of the personnel engaged in telemarketing, and the recording and honoring of do-not-call requests within a reasonable time. *See* 47 C.F.R. § 64.1200(d)(1)-(3). The company on whose behalf the telemarketing is done is liable for a failure to honor a request, even if another party recorded it. *See* 47 C.F.R. § 64.1200(d)(3).

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

105. These requirements apply to telemarketing calls and text messages to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e).

106. A person who receives more than one telemarketing call or text message within a 12-month period in violation of these regulations may sue under 47 U.S.C. § 227(c)(5).

107. On December 9, 2024, Ms. Bland asked that her number be removed from the calling list. The representative said she would remove it.

108. Defendant, or those acting on its behalf, then sent Ms. Bland at least three telemarketing text messages in a 12-month period, including two that were sent eleven months after her request.

109. On information and belief, Defendant did not record Ms. Bland's request, did not place her number on a do-not-call list, did not train its personnel to do so, and did not share her request with those who send text messages on its behalf.

110. On information and belief, Defendant treated the do-not-call requests of the putative Internal DNC Class members the same way.

111. Defendant's violations were willful or knowing.

112. Plaintiff and the putative Internal DNC Class members are entitled to damages of $500.00 for each call and text message placed to them in violation of the TCPA's internal do-not-call regulations, and up to $1,500.00 for each such violation if the Court finds that Defendant willfully or knowingly violated the TCPA. *See* 47 U.S.C. § 227(c)(5).

113. The TCPA also allows the Court to enjoin Defendant's violations of the TCPA's internal do-not-call regulations. *See* 47 U.S.C. § 227(c)(5)(A).

**Count III - Violations of Texas Business and Commerce Code § 305.053**
**(On Behalf of Plaintiff and the Texas Subclass)**

114. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

115. Texas law provides that a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages, or both. *See* Tex. Bus. & Com. Code § 305.053(a).

116. Ms. Bland and the putative Texas Subclass members received the calls and text messages at issue while residing in Texas.

117. Defendant originated the calls and text messages. As alleged in Counts I and II, those communications violated 47 U.S.C. § 227(c) and the regulations adopted under it.

118. Plaintiff and the putative Texas Subclass members are entitled to the greater of $500.00 for each violation or their actual damages, and up to $1,500.00 for each violation that Defendant committed knowingly or intentionally. *See* Tex. Bus. & Com. Code § 305.053(b)-(c).

119. Plaintiff and the putative Texas Subclass members are also entitled to an injunction. *See* Tex. Bus. & Com. Code § 305.053(a)(1).

**Count IV - Violations of Texas Business and Commerce Code § 302.101 et seq.**
**(Failure to Register – On Behalf of Plaintiff and the Texas Solicitation Class)**

120. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

121. Texas law provides that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

122. A "telephone solicitation" is "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7).

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

123. Defendant is a "seller" under Chapter 302 because it made telephone solicitations on its own behalf. *See* Tex. Bus. & Com. Code § 302.001.

124. Ms. Bland and the Texas Solicitation Class members are "purchasers" under Chapter 302 because Defendant solicited them to become obligated to Defendant. *See* Tex. Bus. & Com. Code § 302.001.

125. Defendant's calls and text messages to Ms. Bland and the Texas Solicitation Class members were telephone solicitations because they were initiated to induce the recipients to purchase dental goods and services.

126. Defendant made these telephone solicitations to purchasers located in Texas.

127. On information and belief, Defendant did not hold a registration certificate for the business location from which it made these telephone solicitations.

128. A person who claims an exemption from Chapter 302 bears the burden of proving the exemption. Tex. Bus. & Com. Code § 302.051.

129. A person who violates Chapter 302 "is subject to a civil penalty of not more than $5,000 for each violation." Tex. Bus. & Com. Code § 302.302(a). The party bringing the action "is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees." *Id.* § 302.302(d).

130. A violation of Chapter 302 is also a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 of the Texas Business and Commerce Code, and the private remedies of that subchapter may be used to enforce Chapter 302. Tex. Bus. & Com. Code § 302.303.

131. Ms. Bland and the Texas Solicitation Class members are each entitled to a civil penalty of up to $5,000 for each violation, plus their reasonable costs and attorney's fees.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

## Demand for Judgment

WHEREFORE Plaintiff Kelly Bland, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Plaintiff as the class representative;

b. Enter an order appointing Plaintiff's counsel as counsel for the classes;

c. Enter judgment in favor of Plaintiff and the putative classes, and against Defendant, for all damages available under the TCPA, including statutory damages of $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendant willfully violated the TCPA;

d. Enter judgment in favor of Plaintiff and the putative Texas Subclass, and against Defendant, for all damages available under Texas Business and Commerce Code § 305.053, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant acted knowingly or intentionally;

e. Enter judgment in favor of Plaintiff and the putative Texas Solicitation Class, and against Defendant, for all relief available under Texas Business and Commerce Code §§ 302.302 and 302.303, including a civil penalty of up to $5,000 per violation, and enjoin Defendant from making telephone solicitations without a registration certificate;

f. Award Plaintiff and the putative Texas Solicitation Class all reasonable costs of prosecuting this action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees;

g. Enter a judgment in favor of Plaintiff and the putative classes that enjoins Defendant from violating the TCPA and the TCPA's corresponding regulations prohibiting Defendant from placing, or

directing others to place on its behalf, phone calls and text messages to persons whose phone numbers are registered on the National Do-Not-Call Registry, and to persons who have asked not to be contacted;

h. Award Plaintiff and the classes all expenses of this action, and require that Defendant pay the costs and expenses of class notice and administration;

i. Award Plaintiff and the classes their court costs, and all applicable pre- and post-judgment interest; and,

j. Award Plaintiff and the classes such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Kelly Bland demands a jury trial.

BUTSCH ROBERTS & Associates LLC
7777 BONHOMME AVENUE, SUITE 1300
CLAYTON, MISSOURI 63105
(314) 863-5700

Butsch Roberts & Associates LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
(314) 863-5700

Dated: November 24, 2026

Respectfully submitted,

BUTSCH ROBERTS & ASSOCIATES LLC

/s/Christopher E. Roberts
Christopher E. Roberts (SBN 363586)
Email: CRoberts@butschroberts.com
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700

*Attorney for Plaintiff*